Maureen T. Coghlan, Esq.
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
mcoghlan@archerlaw.com

*Of Counsel (Pro Hac Vice Forthcoming)*

Christopher A. Mitchell, Esq.
DICKINSON WRIGHT PLCC
200 Ottawa Ave NE, Suite 1000
Grand Rapids, MI 49503
(616) 336-1058
cmitchell@dickinsonwright.com

*Attorneys for Plaintiff*
*Trelleborg Sealing Profiles Germany GmbH*

**UNITED STATES DISTRICT COURT**
**NEW JERSEY**

| | |
|---|---|
| TRELLEBORG SEALING PROFILES GERMANY GMBH, | CASE NO.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR INFRINGEMENT OF UNITED STATES PATENT NO. 9,945,504** |
| LATERAL REPAIRS UAB, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

NOW COMES Plaintiff TRELLEBORG SEALING PROFILES GERMANY GMBH ("Trelleborg"), by and through its attorneys, and for its Complaint against LATERAL REPAIRS UAB ("LR"), states:

## INTRODUCTION

1. This case arises out of LR's infringement of Trelleborg's patent for "Lining Element for the Rehabilitation of a Pipeline," US Patent No. 9,945,504 ("the '504 Patent"). A copy of the '504 Patent is attached as Exhibit A.

2. LR sells, offers for sale, and imports into the United States a liner for the rehabilitation of underground pipes (e.g., main lines, laterals, lateral connections, vertical pipes, horizontal pipes, etc.), including at least such a product branded under the name MEGA LINER, which infringes one or more claims of the '504 Patent.

3. The Court should enjoin LR from further infringement of the '504 Patent and should compensate Trelleborg for the damage caused to it by LR's infringement as complained-of herein.

## THE PARTIES

4. Trelleborg is a German company with its principal place of business at Auweg 27, 63920 Großheubach, Germany. Trelleborg does business in the United States, including in this District.

5. On information and belief, LR is a Lithuanian company with its principal place of business at Paberžių st. 5, Tauragė, Lithuania. LR does business in the United States, including in this District.

## JURISDICTION AND VENUE

6. This is a complaint for direct patent infringement arising under the Patent Act, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this Court under 28 U.S.C. § 1400(b), including because LR has committed acts of infringement in this District, directly and/or through one or more third parties located within this District, including in Closter, New Jersey. LR has purposefully directed its activities to this State and this District and/or purposefully availed itself of this jurisdiction.

8.     This Court has personal jurisdiction over LR for the reasons identified above and according to the laws of the United States.

## FACTS COMMON TO ALL COUNTS

9.     The '504 Patent was duly issued by the United States Patent and Trademark Office on April 17, 2018. The '504 Patent is valid and subsisting.

10.    Trelleborg is the owner, by assignment, of the entire right, title, and interest in and to the '504 Patent, which rights it has held, including through its predecessors-in-interest, since issuance of the '504 Patent.

11.    The '504 Patent's claims comprehend certain lining elements for the rehabilitation of pipelines, such as, for example, sewer and water pipelines, as well methods of making such lining elements. These lining elements are known as cured-in-place-pipe ("CIPP") products. CIPP products are designed to be impregnated with a resin, inserted into the pipe needing repair, and expanded into position in contact with the interior of the pipe needing repair. The resin is then cured to create a rigid, durable surface covering the pipe interior in the area needing repair.

12.    Trelleborg is a leading manufacturer of CIPP products, including CIPP products comprehended by the claims of the '504 Patent.

13.    Trelleborg has a substantial market in the United States for its CIPP products, including CIPP products comprehended by the claims of the '504 Patent.

14. Trelleborg's CIPP products comprehended by the claims of the '504 Patent provide, by virtue of the invention of the '504 Patent, a significant improvement over conventional CIPP products.

15. Trelleborg has realized commercial success from its CIPP products comprehended by the claims of the '504 Patent, including in the United States.

16. Trelleborg has invested significant time and resources into developing the invention of the '504 Patent and its CIPP products comprehended by the claims of that patent.

17. LR is a competitor of Trelleborg in the market for CIPP products, including in the United States.

18. LR's president, Andrew Holland, is a former employee of Trelleborg Engineered Products UK Ltd., a Trelleborg affiliate. At the end of 2016, Mr. Holland left the employ of Trelleborg Engineered Products UK Ltd. Just prior to that time, on information and belief, Mr. Holland was involved in setting up LR's predecessor company, UAB Relainingas APT, and, moreover, was involved in hiring employees away from Trelleborg's Lithuanian affiliate, Trelleborg Sealing Profiles Lithuania, UAB.

19. On information and belief, Andreas Bichler, another former Trelleborg employee and named inventor on the '504 Patent, also provided information and guidance to LR in regards to the manufacture of CIPP products.

20. As already stated above, LR is selling, offering for sale, and importing into the United States, including in this District, a CIPP product under the name MEGA LINER. The MEGA LINER product is described on LR's website. *See* https://www.lateralrepairs.com/lr-megaliner/.

21. On information and belief, LR's development of the MEGA LINER was undertaken with full knowledge of the '504 Patent. More specifically, by reason of Mr. Holland's former association with a Trelleborg affiliate and the guidance provided by Mr. Bichler, LR was knowledgeable about the invention of the '504 Patent and able to replicate it in the form of the accused MEGA LINER product so as to unfairly compete with Trelleborg in the CIPP products' market.

22. On information and belief, LR sells the MEGA LINER product in the United States to, or through, third-party Trenchless Products, a company located in Closter, New Jersey. Third-party Trenchless Products advertises the MEGA LINER product on its website. *See* https://www.trenchlessproducts.us/product-page/mega-liner.

23. On information and belief, LR sells or has sold the MEGA LINER product to other third parties in the United States.

24. On information and belief, including on the basis of Trelleborg's review, inspection, and testing of physical samples acquired in the United States, LR's MEGA LINER product directly infringes the '504 Patent, including at least claims 1, 2, 4-8, 12-17, 19 and 20 of the '504 Patent, either literally or equivalently.

25. For example, independent claim 1 of the '504 Patent recites "[a] lining element for the rehabilitation of a pipeline…having a carrier layer of an expandable, resin-absorbent material which, in the longitudinal direction of the carrier layer, has a first expansion rigidity, and a stiffening structure which, in the longitudinal direction of the carrier layer, has a second expansion rigidity, wherein the first expansion rigidity is lower than the second expansion rigidity and wherein the stiffening structure is incorporated into the carrier layer…."

26. In satisfaction of the language reproduced in Paragraph 25, the MEGA LINER is a CIPP product for pipeline rehabilitation. *See, e.g.,* https://www.lateralrepairs.com/lr-megaliner/.

27. In satisfaction of the language reproduced in Paragraph 25, testing conducted by Trelleborg shows that the MEGA LINER product comprises a polyester needle fleece liner/carrier layer. This liner is expandable and resin-absorbent.

28. Claim 1 of the '504 Patent further recites that "the stiffening structure is configured in such a manner that the expansion rigidity is unchanged in the direction transverse to the longitudinal direction…."

29. In satisfaction of the language reproduced in Paragraphs 25 and 28, the MEGA LINER has a stiffening structure incorporated into the liner which is configured in such a manner that the expansion rigidity in the MEGA LINER is unchanged in the transverse direction.

30. Claim 1 of the '504 Patent further recites that "the stiffening structure is formed of at least one stiffening element, and the stiffening element is formed using one or more threads extending in the longitudinal direction of the carrier layer, wherein at least one of the one or more threads has a fineness of between approximately 50 dtex and approximately 2500 dtex."

31. In satisfaction of the language reproduced in Paragraph 30, the stiffening structure of the MEGA LINER is formed of at least one stiffening element, and that stiffening element is formed using one or more threads extending in the direction of the longitudinal axis of the liner. Photographs of the MEGA LINER product, reproduced below from testing and inspection undertaken by Trelleborg, show the one or more threads in the liner's carrier layer.



32.     In satisfaction of the language reproduced in Paragraph 30, at least one of the one or more threads of the MEGA LINER have been determined by testing and inspection undertaken by Trelleborg, to have a fineness of 1149.5 dtex, which is within the claimed range of between approximately 50 dtex and approximately 2500 dtex.

33.     In further evidence of the complained-of infringement, independent claim 14 of the '504 Patent recites "[a] method for manufacturing a lining element according to claim 1, comprising the following steps: providing a carrier layer of an expandable, resin-absorbent material which, in the longitudinal direction of the carrier layer, has a first expansion rigidity; and incorporating a stiffening structure into the carrier layer, wherein the stiffening structure, in the longitudinal direction of the carrier layer, has a second expansion rigidity, which is greater than the first expansion rigidity."

34. In satisfaction of the language reproduced in Paragraph 33, LR's MEGA LINER product satisfies the limitations of claim 1 of the '504 Patent as recited above and, on information and belief, including as demonstrated by testing, inspection and analysis of the MEGA LINER product, that product is manufactured by incorporating the stiffening structure into a carrier layer of a resin-absorbent material, wherein the stiffening structure, in the longitudinal direction of the carrier layer, has a second expansion rigidity which is greater than the first expansion rigidity.

35. On information and belief, including on the basis of Trelleborg's review, inspection, and testing of physical samples, LR's MEGA LINER product also directly infringes at least dependent claims 4-8, 12-13, 15-17, 19 and 20 of the '504 Patent, either literally or equivalently.

36. In July of 2025, counsel for Trelleborg wrote to LR to assert infringement of the '504 Patent by LR through its sale, offer to sell, and importation into the United States of the MEGA LINER product.

## FIRST CAUSE OF ACTION:
## VIOLATION OF 35 U.S.C. § 271 –
## DIRECT INFRINGEMENT OF THE '504 PATENT

37. Trelleborg incorporates the above paragraphs as though fully set forth herein.

38. In violation of 35 U.S.C. § 271, LR has infringed and continues to infringe, literally or under the doctrine of equivalents, at least claims 1, 2, 4-8, 12-17, and 19-20 of the '504 Patent by one or more of the acts of making, using, selling, or offering for sale within the United States, or importing into the United States, the MEGA LINER product and any other CIPP products that are materially the same as the MEGA LINER product.

39. As a direct and proximate consequence of LR's complained-of infringement, Trelleborg has been, is being, and, unless such acts and practices are enjoined by the Court, will continue to be injured in its business and property rights, and has suffered, is suffering, and will

continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284 adequate to compensate for such infringement, including lost profits, but in no event less than a reasonable royalty.

40. Trelleborg is entitled to and claims all damages allowable by law, including injunctive relief, adequate compensation for the infringement, costs, interest, attorneys' fees, and for the sales of infringing product as well as the sales of any accessory/ancillary products. Trelleborg is without sufficient information to ascertain the full extent of LR's revenues and profits resulting from the complained-of infringement, as the relevant financial records are in the exclusive possession, custody, and control of LR. Accordingly, Trelleborg demands a full and complete accounting of all sales, revenues, profits, cost savings, and other benefits obtained by LR as a result of its infringing activities.

41. LR's complained-of infringement is further causing, and will continue to cause, Trelleborg irreparable harm, for which there is no adequate remedy at law. Unless and until enjoined by this Court, LR will continue to infringe the '504 Patent. Under 35 U.S.C. § 283, Trelleborg is entitled to an injunction against further infringement.

42. LR's infringement as complained-of herein was undertaken without permission or license under Trelleborg's '504 Patent.

43. Additionally, on information and belief, LR knows, and prior to the filing of this Complaint has known, that at least its MEGA LINER product (and any other CIPP products that are materially the same as the MEGA LINER product) infringes the '504 Patent.

44. On information and belief, including for the reasons recited hereinabove, LR's infringement of the '504 Patent is, and has been, willful. Trelleborg has been damaged as the result

of LR's willful infringement, and seeks increased damages, up to and including treble damages, in consequence of such willful infringement.

## PRAYER FOR RELIEF

WHEREFORE, Trelleborg respectfully requests that this honorable Court:

a) Issue a judgment that LR is liable for direct indirect infringement of one of more claims of the '504 Patent;

b) Issue an injunction prohibiting LR and its agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of them from engaging in further actions to infringe the '504 Patent, including but not limited to making, using, selling, manufacturing, advertising, marketing, attempting to sell, or importing the MEGA LINER product and/or similar infringing products;

c) Award Trelleborg all damages adequate to compensate Trelleborg for the infringement that has occurred, pursuant to 35 U.S.C. § 284, including lost profits, but in no event less than a reasonable royalty, plus prejudgment and post-judgment interest;

d) Award Trelleborg an accounting for damages;

e) Award Trelleborg an amount equal to adequate compensation for LR's willful patent infringement, multiplied by three pursuant to 35 U.S.C. § 284;

f) Declare this an exceptional case within the meaning of 35 U.S.C. § 285 and that Trelleborg be awarded attorney's fees, costs, and expenses incurred in connection with this action;

g) Issue a judgment that LR is liable for false marking in violation of 35 U.S.C. § 292;

h) Order the destruction of all infringing products in the possession, custody, or control of LR and its' agents and affiliates;

h) Award Trelleborg the costs associated with bringing this action; and

      i)      Award Trelleborg any further relief that this Court deems just and proper.

Dated: February 16, 2026                               Respectfully submitted,

*/s/ Maureen T. Coghlan*
Maureen T. Coghlan, Esq.
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (856) 795-2121
Facsimile: (856) 795-0574
mcoghlan@archerlaw.com

*Of Counsel (Pro Hac Vice Forthcoming)*

Christopher A. Mitchell, Esq.
**DICKINSON WRIGHT PLLC**
200 Ottawa Ave NE, Suite 1000
Grand Rapids, MI 49503
(616) 336-1058
cmitchell@dickinsonwright.com

*Attorneys for Trelleborg Sealing Solutions GmbH*

**DEMAND FOR JURY TRIAL**

Trelleborg demands a jury trial as to all claims and issues that are triable by jury in this action.

Dated: February 16, 2026                Respectfully submitted,

<p style="margin-left: 3em;">
<u>/s/ Maureen T. Coghlan</u><br>
Maureen T. Coghlan, Esq.<br>
ARCHER & GREINER, P.C.<br>
1025 Laurel Oak Road<br>
Voorhees, NJ 08043<br>
Telephone: (856) 795-2121<br>
Facsimile: (856) 795-0574<br>
mcoghlan@archerlaw.com<br>
<br>
<u>Of Counsel (Pro Hac Vice Forthcoming)</u><br>
<br>
Christopher A. Mitchell, Esq.<br>
<b>DICKINSON WRIGHT PLLC</b><br>
200 Ottawa Ave NE, Suite 1000<br>
Grand Rapids, MI 49503<br>
(616) 336-1058<br>
cmitchell@dickinsonwright.com
</p>